IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-0009-M

| | |
|---|---|
| JOYCELYN THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| UNC HEALTH CARE SYSTEM, | ) |
| Defendant. | ) |

This matter is before the court on the motion [DE-46], with memorandum in support thereof [DE-47], by defendant UNC Health Care System ("defendant") to stay discovery (the "second motion to stay") in this matter until the resolution of defendant's pending motion to dismiss [DE-41] plaintiff's amended complaint ("second motion to dismiss"). Plaintiff filed a response in opposition [DE-50] to the motion to stay. Defendant filed a reply [DE-51], but subsequently filed a motion to withdraw its reply [DE-52].[1]

For the reasons discussed below, defendant's second motion to stay is GRANTED.

## RELEVANT BACKGROUND

On November 20, 2023, plaintiff filed a complaint in Wake County Superior Court (the "complaint"). *See* [DE-1-2]. On January 4, 2024, defendant successfully removed the case to this court. *See* [DE-1]. On February 9, 2024, defendant filed a motion to dismiss plaintiff's complaint. *See* [DE-8] ("first motion to dismiss"). With the consent of plaintiff's prior counsel, defendant filed a motion to stay discovery pending a ruling on the first motion to dismiss, and the motion was granted. *See* [DE-15; -19]. On July 25, 2024, the court granted defendant's first motion to

---

[1] As discussed below, the court grants defendant's motion to withdraw its reply [DE-52], and it has therefore not considered any arguments raised in defendant's reply.

dismiss. *See* [DE-20].

Plaintiff's current counsel made a notice of appearance [DE-24] on August 22, 2024, and filed a motion for reconsideration of the dismissal order [DE-25] the same day. On October 10, 2024, plaintiff additionally filed a motion for leave to file an amended complaint. [DE-32]. On January 21, 2025, the court entered an order [DE-38] denying the motion for reconsideration [DE-25], and granting plaintiff leave to file an amended complaint [DE-32], vacating its judgment with respect to defendant's first motion to dismiss. On January 24, 2025, plaintiff filed her amended complaint. [DE-39].

On February 21, 2025, defendant filed the second motion to dismiss [DE-41] with a supporting memorandum [DE-42]. On March 21, 2025, plaintiff filed a response in opposition to the second motion to dismiss [DE-45], to which defendant filed a reply [DE-49] on April 4.

On March 26, 2025, defendant filed the instant motion to stay [DE-46] with a supporting memorandum [DE-47]. Plaintiff filed a memorandum in opposition to the second motion to stay [DE-50] on April 9, 2025.

On March 27, 2025, the parties filed a joint Rule 26(f) report [DE-48], pursuant to the court's order for a discovery plan [DE-43].

## DISCUSSION

In its second motion to stay [DE-46], defendant argues that:

> because the [s]econd [m]otion to [d]ismiss is potentially dispositive of the entire case, there is strong support for the [s]econd [m]otion to [d]ismiss on the merits, and discovery is not necessary to resolve the [m]otion to [d]ismiss, a continued stay is "appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources."

[DE-46] at 2-3 (quoting *Smith v. Bd. of Educ. of New Hanover Cnty. Sch.*, No. 7:22-CV-212-M, 2023 WL 2569952, at *1 (E.D.N.C. Mar. 16, 2023)).

Plaintiff contends that "[m]emories have already grown stale and the likelihood of evidence being lost increases with every day that passes" and "[e]ntering a stay further disrupts and prolongs the discovery schedule, hindering [plaintiff's] ability to collect reliable and relevant evidence." [DE-50] at 1. Plaintiff argues that defendant "ignores the extensive amount of time that has transpired since the case was first filed, as well as the growing strain this excessive delay places on obtaining reliable, accurate evidence." *Id.* at 5-6. Plaintiff also notes that "[t]his case is nearly sixteen months old." *Id.* at 6.

"[W]hether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Constr., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (citation omitted). "The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions." *Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) (citing *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004), *cert. denied*, 543 U.S. 819 (2004)).

In exercising its judgment, the court must weigh the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley*, 270 F. Supp. 2d at 735).

3

Here, a balancing of the relevant factors articulated in *Yongo* weigh in favor of granting the motion to stay. Defendant's second motion to dismiss [DE-41], if granted, would dispose of the Americans with Disabilities Act ("ADA") claim, which is the only remaining claim in this case. *See* [DE-47] at 3; [DE-50] at 3. While the court does not predict the outcome of the pending second motion to dismiss [DE-41], defendant's arguments therein are not clearly meritless. Furthermore, some or all of the issues raised in the motion to dismiss will not benefit from discovery, and could be dispositive of all claims. *See, e.g.*, [DE-42] at 8 (question of law whether plaintiff adequately alleged that she was a qualified individual); *id.* at 18 (question of law whether termination while receiving short-term disability benefits is an ADA violation); *id.* at 20 (question of law whether plaintiff's allegations regarding defendant's "practice or procedure" are within the scope of plaintiff's Equal Employment Opportunity Commission ("EEOC") charge); *see also Meyer v. McAleenan*, No. 17 C 5992, 2019 WL 4580960, at *6 (N.D. Ill. Sept. 20, 2019) ("Whether claims are reasonably related to each other is a question of law.") (quoting *Conner v. Illinois Department of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005)).

Plaintiff disagrees with defendant's contention that "a continued stay will not prejudice [p]laintiff's ability to pursue her claims if the [s]econd [m]otion to [d]ismiss is denied in full." *See* [DE-47] at 4. Specifically, plaintiff repeatedly emphasizes that an "extensive amount of time . . . has transpired since the case was first filed." *See* [DE-50] at 3 ("There is not good cause to further delay discovery in a case that is more than sixteen months old . . ."); *id.* at 6 (noting that "[t]his case [was] nearly sixteen months old" at the time of its memo in opposition).[2] However, the age of this case is due in large part to plaintiff originally filing what the court determined to be a

---

[2] Plaintiff also emphasizes the narrowed scope of discovery as a reason for the court to deny the second motion to stay (*see* [DE-50] at 3), but that argument, even if valid, does not otherwise outweigh the other factors discussed herein.

meritless complaint.  *See* [DE-20] (dismissing plaintiff's complaint for failure to state a claim). While the judgment related to the first motion to dismiss was vacated, and plaintiff was afforded leave to file an amended complaint (*see* [DE-38]), plaintiff cannot now fault defendant that the amended complaint, which is the subject of defendant's second motion to dismiss, was not filed until January 2025.  *See* [DE-39].  Accordingly, defendant's second motion to stay [DE-46] is GRANTED.

Defendant seeks to withdraw [DE-52] its reply [DE-51] to plaintiff's response in opposition to the second motion to stay.  Defendant correctly notes that Local Civil Rule 7.1(g)(2) does not permit the filing of replies to discovery motions.  Accordingly, defendant's motion to withdraw its reply [DE-52] is GRANTED.  For the avoidance of doubt, in making its ruling on the second motion to stay, the court has not considered any arguments made in defendant's reply.

## CONCLUSION

For the reasons set forth above, defendant's second motion to stay [DE-46] is GRANTED. It is therefore ORDERED that the deadlines in this matter, including discovery deadlines, are STAYED until the court rules on defendant's second motion to dismiss [DE-41].

Unless otherwise ordered by the court, within 14 days of the court's ruling on defendant's second motion to dismiss [DE-41], the parties are DIRECTED to file a joint status report advising the court of the parties' position(s) regarding further scheduling in this matter.

SO ORDERED, this 16th day of April, 2025.

_____
Brian S. Meyers
United States Magistrate Judge